

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS

## AUSTIN

GERALD C. MANN
ATTORNEY GENERAL

Mr. Joe Nelson, Chief Accountant
Board of County and District Road Indebtedness
Austin, Texas

Dear Sir:

Opinion Number O-4966
Re: Does the decree of the court
validating certain bonds and
warrants issued by Hidalgo
County cover the issuance of
the proposed refunding bonds
by Hidalgo County?

We are in receipt of your letter of the 20th inst.,
reading as follows:

"On July 16, 1932 the United States District Court for the Southern District, issued a decree validating certain bonds and warrants issued by Hidalgo County against their Road & Bridge Fund. We are enclosing a copy of this decree for your inspection.

"Hidalgo County now proposes to issue refunding bonds to refund the debt validated by the enclosed decree and we ask that you please advise us if, in your opinion, the original decree will cover the refunding bonds.

"For your convenience we are enclosing a copy of the Commissioners' Court order authorizing the issuance of these bonds."

We have read the copy of the Final Decree in the cause of John Farson et al., M. L. Benedum v. Hidalgo County, Nos. 235 and 236, in Equity, Consolidated, by the United States District Court for the Southern District of Texas, dated the 16th

Mr. Joe Nelson, page #2

day of July, A. D. 1932, in which all of the bonds and warrants which were then being refunded were expressly validated. It appears that the proposed refunding bonds are to be issued to refund the outstanding refunding bonds which also were validated by that decree. The order of the Commissioners' Court of Hidalgo County, passed on the 9th day of November, 1942, authorizing the issuance of the proposed refunding bonds, refers specifically to the decree of the Federal Court above mentioned in which the original indebtedness was validated, and also contains the following recital: "That in addition to all other rights secured to them, the holder or holders of these bonds is and are subrogated to all the rights and privileges against Hidalgo County had and possessed by the holders of the obligations hereby refunded and specifically to the rights and privileges adjudicated and conferred by that certain decree rendered by the United States District Court, for the Southern District of Texas, Brownsville Division, on the 16th day of July, 1932, and all decrees supplemental thereto, in the consolidated suits, Numbers 235 and 236, in Equity."

Inasmuch as the proposed refunding bonds create no new debt but constitute new evidences of the same debt which was validated, and, further, in view of the fact that the holders of the new refunding bonds, in addition to all other rights secured therein, are subrogated to all of the rights held and possessed by the holders of the original indebtedness refunded, it is our opinion that the decree of the Federal Court would apply to the proposed refunding bonds. "Bonds issued to refund valid outstanding indebtedness do not create new indebtedness". Dallas County v. Lockhart, 96 S. W. (2d) 60.

APPROVED FEB 26, 1943

FIRST ASSISTANT
ATTORNEY GENERAL

Very truly yours

ATTORNEY GENERAL OF TEXAS

By _____
C. F. Gibson
Assistant

CFG/s

APPROVED
OPINION
COMMITTEE
BY _____
CHAIRMAN